IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OBRIANT WEBB, ) | | |
| ID # 32752-177, ) | | |
| Movant, ) | | No. 3:16-CV-3057-D |
| vs. ) | | No. 3:04-CR-334-D (3) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as an unauthorized successive motion.

### I.  BACKGROUND

Obriant Webb ("Movant") was convicted of conspiracy to possess with intent to distribute a controlled substance and sentenced to 212 months' imprisonment, with a 5-year term of supervised release. (*See* doc. 221.)[1] His direct appeal was unsuccessful. *See United States v. Webb*, 220 F. App'x 293 (5th Cir. 2007). He then filed a motion under 28 U.S.C. § 2255 challenging his criminal judgment. (*See* 3:08-CV-515-D, docs. 1 & 4.) That motion was summarily dismissed with prejudice as meritless on August 20, 2008. (*See* 3:08-CV-515-D, docs 5 & 9.)

Movant later filed this § 2255 motion. (*See* 3:16-CV-3057-D, doc. 1.) He seeks a reduction in his sentence under Amendment 794 to the United States Sentencing Guidelines. (*See id.*)

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:04-CR-334-D.

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals.  *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  With regard to a movant's reliance on previously unavailable claims, the Fifth Circuit has noted that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244." *Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009).  "In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error—when the error arises after the underlying conviction—tend to be deemed non-successive." *Id.*; *see also United States v. Hill*, 623 F. App'x 200, 201 (5th Cir. 2015) (per curiam) (holding that a § 2255 motion that relied on two Supreme

Court decisions that were announced after the movant was sentenced was nevertheless successive because the "alleged defects and the facts necessary to support the claims were known to Hill at trial and sentencing and prior to when he filed his initial § 2255 motion.").

Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Here, Movant argues for a lower sentence in light of his minor role in the offense, relying on Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 in 2015. He could have sought a minor role reduction under that section when he was sentenced. Because he now raises claims that he could have raised in his earlier § 2255 motion, this motion is successive within the meaning of § 2255. *See United States v. Johnson*, No. 17-11911-C, 2017 WL 5125643, at *2 (11th Cir. Aug. 21, 2017) (holding that the district court lacked jurisdiction over a successive § 2255 motion that sought relief under Amendment 794); *Ruiz-Loya v. United States*, No. 16-CV-405-KC, 2016 WL 5717881, at *2 (S.D. Tex. Sep. 30, 2016) (concluding that the court lacked jurisdiction over a successive § 2255 motion that raised a claim under Amendment 794).

When a motion to vacate is successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim

3

in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider Movant's successive § 2255 motion, this Court lacks jurisdiction over it. A district court may dismiss such a motion. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686. Movant's motion should be transferred to the Fifth Circuit.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Fulton*, 780 F.3d at 686.

**SIGNED this 23rd day of March, 2018.**

```
                                    _____
                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE
```

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                     _____
                                                     IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE